IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-3200-REB-BNB

TELETECH HOLDINGS, INC.,

    Plaintiff,

v.

SUTHERLAND GLOBAL SERVICES, INC.,

    Defendant.

## PROTECTIVE ORDER

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

    1.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

    2.    As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

    3.    Information designated "Confidential" by a party ("Designating Party") shall be information that is confidential and entitled to protection under Fed. R. Civ. P. 26(c)(1).

4. A Designating Party may also designate as "Confidential - Attorneys' Eyes Only" Confidential information of such a sensitive nature that the Designating Party in good faith believes that potential competitive injury could result from disclosure of that information to any other party.

5. Any designation of information pursuant to Paragraphs 3 and/or 4 above shall also apply to all copies thereof, and to the information contained in or derived from the material so designated, including excerpts, summaries, indices, or abstracts. No designation shall be made unless the Designating Party believes in good faith that the designated material is Confidential or "Confidential – Attorneys' Eyes Only" as defined in Paragraphs 3 and/or 4 above, and entitled to protection.

6. Unless the Court rules otherwise, material marked or otherwise designated as "Confidential – Attorney's Eyes Only" or any information derived therefrom including excerpts, summaries, indices, abstracts or copies thereof, may be disclosed, given, shown, made available, or communicated to only the following (and then only for purposes of the prosecution, defense or appeal of this litigation):

    a. outside counsel retained by the parties to assist in the prosecution, defense or appeal of this litigation, including employees of such counsel's firms, and any companies, independent contractors or other litigation support service personnel with whom such counsel works in connection with this litigation;

    b. one (1) designated in house counsel employed by each party who are involved in or consulted regarding the prosecution, defense, or appeal of this litigation;

    c.    consultants and/or experts retained by a party in connection with this litigation to whom it is necessary that "Confidential - Attorneys' Eyes Only" materials be shown for the sole purpose of assisting in, or consulting with respect to, this litigation, and only upon their agreement to be bound by this Protective Order evidenced by execution of the attached Schedule A;

    d.    any person expressly identified in any "Confidential - Attorneys' Eyes Only" material as an author or recipient of such materials;

    e.    the Court, and any members of its staff to whom it is necessary to disclose "Confidential - Attorneys' Eyes Only" materials for the purpose of assisting the Court in this litigation; and

    f.    stenographers, videographers and court reporters recording or transcribing testimony relating to this litigation.

7.    Materials designated or treated as "Confidential," copies or extracts therefrom and the information contained therein, may be disclosed, given, shown, made available, or communicated to only the following (and then only for purposes of the prosecution, defense or appeal of this litigation):

    a.    employees of the parties provided that they are deposition or trial witnesses or are otherwise involved in the prosecution, defense, or appeal of, or decision-making related to this litigation;

    b.    outside counsel retained by the parties to assist in the prosecution, defense or appeal of this litigation, including employees of such counsel's firms, and any companies, independent contractors or other litigation support

       service personnel with whom such counsel works in connection with this litigation;

c.    in-house counsel for the parties (and their paralegal, clerical and/or secretarial assistants) who are actively involved in the prosecution, defense or appeal of this litigation;

d.    consultants and/or experts retained by counselor a party in connection with this litigation to whom it is necessary that "Confidential" materials be shown for the sole purpose of assisting in, or consulting with respect to, this litigation, and only upon their agreement to be bound by this Protective Order evidenced by execution of the attached Schedule A;

e.    any person expressly identified in any "Confidential" materials as an author, a recipient, or having knowledge of the "Confidential" materials, and any person for whom a reasonable foundation may be laid that he or she is an author, a recipient, or has knowledge of the "Confidential" materials;

f.    any person employed by the party that produced the "Confidential" materials;

g.    the Court in this litigation, and any members of its staff to whom it is necessary to disclose "Confidential" materials for the purpose of assisting the Court in this litigation;

h.    stenographers, videographers and court reporters recording or transcribing testimony relating to this litigation; and

i.    other persons only upon written consent of the producing person (which

agreement may be recorded in a deposition or other transcript) or upon order of the Court after affording the producing person due notice and an opportunity to be heard.

8. A Designating Party who believes that its Confidential information may be disclosed during a deposition, or a portion thereof, shall have the right to exclude from attendance at said deposition, during such time as the Confidential information may be or is to be disclosed, any person other than the deponent, Counsel, the court reporter, any person entitled to access to Confidential information, and any other persons agreed upon by Counsel in attendance at the deposition.

9. **Any request to restrict access must comply with the requirements of D.C.COLO.LCivR 7.2.**  ~~The parties agree that, should any document or thing containing or embodying "Confidential" or "Confidential - Attorneys' Eyes Only" material be filed with the Court in this action, the party seeking to file such document or thing will first make application to the other party for consent to file such document without resort to filing under Restricted Access. Failing that, the party seeking to file such document must make application to the Court for leave to file under Restricted Access in accordance with the Federal Rules of Civil Procedure. In the event the application for leave to file under Restricted Access is denied, the party seeking to file the document or thing shall withdraw such document or thing in accordance with the applicable Federal Rule and not include such document or thing in the motion or other filing to which the document to be filed under Restricted Access pertains.~~

10. Prior to disclosing any Confidential information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such

person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

11.     Documents are designated as "Confidential" or "Confidential - Attorneys' Eyes Only" by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "Confidential" or "Confidential - Attorneys' Eyes Only."

12.     Whenever a deposition involves the disclosure of Confidential information, the deposition or portions thereof shall be designated as "Confidential" and shall be subject to the provisions of this Protective Order.  Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as "Confidential" after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

13.     A party may object to the designation of "Confidential" information  by giving written notice to the Designating Party.  A party may object to the designation of "Confidential - Attorneys' Eyes Only" information by giving written notice to the Designating Party that the information: (1) does not meet the heightened standard for designation as "Confidential - Attorneys' Eyes Only" set forth above; and/or (2) is necessary to prove or defend the claims at issue in this case and must be shown to a decision-maker of the party objecting to the designation. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within fifteen (15) business days after the time the notice is received, it shall be the obligation of the party designating the information as "Confidential" or

"Confidential - Attorneys' Eyes Only" to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as "Confidential" or "Confidential - Attorneys' Eyes Only" under the terms of this Protective Order until the Court rules on the motion. If the Designating Party fails to file such a motion within the prescribed time, the disputed information shall lose its designation and shall not thereafter be treated in accordance with this Protective Order (or, with respect to information designated "Confidential – Attorneys' Eyes Only," shall thereafter be treated as "Confidential" in accordance with this Protective Order). In connection with a motion filed under this provision, the Designating Party shall bear the burden of establishing that good cause exists for the disputed information to be treated as "Confidential" or "Confidential - Attorneys' Eyes Only."

14. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as "Confidential" or "Confidential - Attorneys' Eyes Only" shall be returned to the Designating Party, or the parties may elect to destroy said documents. Where the parties agree to destroy such documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

15. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated April 10, 2014.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

APPROVED AS TO FORM this 7th day of April, 2014.

By: *s/ Meghan W. Martinez*

Meghan W. Martinez
Drew D. Hintze
MARTINEZ LAW GROUP, P.C.
720 South Colorado Boulevard
South Tower, Suite 530
Denver, CO 80246
Telephone: (303) 597-4000
martinez@mlgrouppc.com
hintze@mlgrouppc.com

Attorneys for Plaintiff

By: *s/ Andrew J. Ryan*

Warren B. Rosenbaum
Andrew J. Ryan
F. Michael Ostrander

WOODS OVIATT GILMAN, LLP
700 Crossroads Bldg 2 State St
Rochester, NY 14614
Telephone: (585) 987-2809
wrosenbaum@woodsoviatt.com
aryan@woodsoviatt.com
mostrander@woodsoviatt.com

Brent T. Johnson
Adrian P. Castro
FAIRFIELD & WOODS, P.C.
1801 California, Suite 2600
Denver, CO 80202
bjohnson@fwlaw.com
acastro@fwlaw.com

Attorneys for Defendant

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.  13-cv-3200-REB-BNB

TELETECH HOLDINGS, INC.,

    Plaintiff,

v.

SUTHERLAND GLOBAL SERVICES, INC.,

    Defendant.

---

**NONDISCLOSURE AGREEMENT**

---

STATE OF _____)
                               )    ss.
COUNTY OF _____)

    1.    My name is _____. My business affiliation is _____, and my title, if any, is _____.

    2.    I reside at _____, and my home telephone number is (\_\_\_)_____- _____. My business address and telephone number are _____, (\_\_\_)\_\_\_\_ -_____.

    3.    I am aware that a Protective Order has been entered in *TeleTech Holdings, Inc. v. Sutherland Global Services, Inc.*, Case No. 13-cv-3200-REB-BNB, now pending in the United States District Court for the District of Colorado. A copy of that Protective Order has been given to me, and I have read and understand the terms of the Protective Order.

    4.    I promise that any document marked "Confidential" or "Confidential - Attorneys' Eyes Only" will be used by me only in connection with assisting the Parties or their counsel in preparing for the resolution of the above-referenced litigation.

    5.    I promise that I will not disclose or discuss such documents or information with any person other than the Parties to this action, their respective attorneys, members of their attorneys' staff, or in consultation with expert witnesses retained by any Party.

    6.    I understand that any use of "Confidential" or "Confidential - Attorneys' Eyes Only" information obtained by me that is subject to the Protective Order or any portions or summaries thereof in any manner contrary to the provisions of the Protective Order or this Nondisclosure

Agreement may subject me to the summary sanctions of the Court for contempt.

_____      By:   _____
DATE                                                                        Title (if applicable):
_____

       SUBSCRIBED AND SWORN to before me this \_\_\_\_ day of _____, 2014, by_____.

       [SEAL]

                                            _____
                                            Notary Public

My Commission Expires: _____